## OLVIN RAYMOND *vs.* DANIEL BOLLES.

An action will not lie against a justice of the peace for issuing a writ, in favor of a third person, upon a false claim against the plaintiff, and secreting and destroy- ing the writ after service thereof, and refusing to enter it, or to allow the defend- ant therein his costs.

THIS was an action against a justice of the peace of the county of Middlesex, alleging that the defendant, maliciously contriving and wickedly intending to vex, harass, injure, and oppress the plaintiff, did, on the 20th day of December, 1849, cause and procure, and suffer and permit himself to be retained and employed by one Lot P. Sampson of said Littleton, to col- lect and enforce the payment of a claim or demand, which the

said Sampson then and there falsely pretended that he then and there had against said plaintiff, and did then and there. commence a false, malicious, and unlawful civil action upon said false and pretended claim or demand in favor of said Sampson against said plaintiff, to be tried before him, the said Bolles, as such justice of the peace as aforesaid, at his dwelling-house in Littleton, in said county, on Saturday the 29th day of December, 1849, at nine of the clock in the forenoon, and did then and there falsely, maliciously, and unlawfully sue out a writ of attachment, upon said false and pretended claim or demand in favor of said Sampson against said plaintiff, and returnable before him, the said Bolles, as such justice of the peace as aforesaid, at his dwelling-house in said Littleton, on Saturday the 29th day of December, 1849, at nine of the clock in the forenoon, and did then and there cause and procure the said writ to be duly served upon the said plaintiff, by a constable of said Littleton, and which said writ, after service, was duly returned by said constable to said Bolles, as such justice as aforesaid; and afterwards to wit, on the return day of said writ, said Bolles utterly refused to enter said action, and to allow said plaintiff any costs therein, and then and there secreted and utterly destroyed said writ. By means of all which the said plaintiff has been greatly harassed and injured, vexed, harmed, and oppressed, and has been put to great trouble and expense in defending himself against said action, and otherwise."

In the court of common pleas, *Mellen,* J. ruled that the allegations in the declaration, if proved, would not maintain the action, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*J. G. Abbott & B. Russell,* for the plaintiff.

*B. F. Butler,* for the defendant.

MERRICK, J. The declaration states no legal cause of action against the defendant. Relieved from the involved circumlocution in which they were made, and from the epithets which give them no additional force, its allegations are seen simply to be, that the defendant issued a writ, returnable before himself, against the plaintiff, in favor of Lot P. Samp-

Raymond *v.* Bolles.

son, and at his instance and request, upon and for the recovery of a false and pretended claim; that after the writ was duly served and returned to him, he secreted or destroyed it, and refused to enter the action or allow the present plaintiff any costs therein. Upon these facts no action will lie against the defendant. Whether it would have been otherwise if the declaration had averred that the defendant knew, when the action was commenced, that the claim set up by Sampson was only a false and unjust pretence, or that there was a conspiracy between the parties to injure the plaintiff, in pursuance of which the writ was sued out and issued, need not now be considered.

It is provided by the 10th section of the 85th chapter of the Revised Statutes, that if the plaintiff shall fail to enter and prosecute any civil action instituted by him, returnable before a justice of the peace, the defendant shall recover judgment for his costs; and by the 34th section of the same chapter, it is further provided that if such action be commenced by a justice of the peace, who makes the writ issued, returnable before himself, it shall not be tried by him, but shall be dismissed, with costs for the defendant. In each of these contingencies, the judgment for costs is to be rendered by the justice of the peace; and to this extent, therefore, he has necessarily jurisdiction both of the cause and of the parties. And having such jurisdiction, he is not liable to either of them for or on account of any of his judicial acts or determinations in relation thereto, even though they may be erroneous; because his official character protects him against such responsibility. *Pratt* v. *Gardner*, 2 Cush. 63; *Chickering* v. *Robinson*, 3 Cush. 543.

The remedy of a defendant in these cases, when the justice of the peace who issues the writ, makes it returnable before himself, or when the action, however commenced, is abandoned and not entered in court, is, by a judgment for his costs against the plaintiff, and not by a suit or legal proceeding of any kind against the magistrate. And this remedy being expressly prescribed by the statute, is exclusive and complete the defendant is confined to it, and can substitute no other for it. *Elder* v. *Bemis*, 2 Met. 599.

27*

As Sampson did not attempt to prosecute the suit which was commenced in his behalf against Raymond, his failure to enter it in court entitled the latter to recover judgment for his costs.    It made no difference what was done with the writ, whether it was preserved or not; or if it was destroyed, by whom, or for what purpose it was destroyed.    The failure of the plaintiff to enter and prosecute his action, fixed and determined the rights of the parties, and entitled Raymond absolutely to a judgment for his costs; and the absence, or loss, or wilful concealment, or destruction of the writ was no legal impediment to his obtaining it.    It belongs always exclusively to the plaintiff to determine whether he will or will not enter in court a writ which he has sued out, and caused to be served upon the adverse party; and, therefore, the refusal of a justice of the peace to enter an action upon the mere motion or application of the defendant, is no wrong to him, because he has no right to control or give directions in relation to it.    He is to commence the pursuit of his remedy when the plaintiff has failed to carry forward or prosecute his suit.    And the course of proceeding is then plain.    If the action be not entered, a written complaint, containing a statement of the facts, should be made to the magistrate, and left with him to be placed officially on file; for, otherwise, he will have nothing before him on which to act or to give him jurisdiction.    Upon such complaint, when duly made and presented, the defendant will be entitled to have judgment for his costs.    *Gilbreth* v. *Brown*, 15 Mass. 178.                                                  *Exceptions overruled.*